IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRISON SOUTHFIELD PARK, LLC,**

    **Plaintiff,**

    vs.

**CLOSED LOOP REFINING AND RECOVERY, INC.,** *et al.,*

    **Defendants.**

Case No. 2:17-cv-783

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## ORDER

Defendants Kuusakoski Inc., Kuusakoski Glass Recycling LLC, Kuusakoski US LLC, and Vintage Tech LLC (collectively "the Kuusakoski Defendants") have moved for leave to file under seal exhibits and portions of their Reply in support of the *Motion to Stay Response Deadlines and Enjoin Samsung from Proceeding with Duplicative Closed Loop Claims in New York* (the "Motion to Enjoin"). (ECF No. 730.) The motion is **GRANTED** as set forth below.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the

"strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Here, the Kuusakoski Defendants assert that they have a compelling interest in sealing portions of their Reply and exhibits that include references to two Master Service Agreements

related to the Motion to Enjoin which contain highly confidential, proprietary business and trade secret information that would cause a competitive disadvantage if revealed on the public record. The Kuusakoski Defendants further assert that, in order to properly Reply, they must disclose and discuss these confidential Agreements between Samsung and Vintage Tech. According to Kuusakoski Defendants, these Agreements contain sensitive, proprietary information regarding Samsung's and Vintage Tech LLC's rights and the financial analyses of the Agreements. This information could be exploited in future negotiations by third parties if the information would become public.

Although the current motion fails to articulate this clearly, the Court notes that the documents the Kuusakoski Defendants seek to file under seal appear to be the same documents utilized by Samsung in its Response. These documents were permitted to be filed under seal. (ECF No. 727.) Accordingly, for the reasons stated in its previous Order (*id*.), the Court finds that the Kuusakoski Defendants' explanation that these documents contain proprietary, highly confidential, trade secret information, such as business terms, data, pricing, marketing, and strategy information is a compelling reason in support of non-disclosure.

However, consistent with its treatment of these documents when submitted by Samsung, and to ensure that the sealing is appropriately limited in scope, the Court will require the Kuusakoski Defendants to file a redacted version on the public record. Accordingly, the Motion for Leave to File Under Seal (ECF No. 730) is **GRANTED** as follows. The Kuusakoski Defendants shall file their Reply on the public docket redacting those portions of the opposition that substantively describe the terms of, or quote from, the Master Services Agreements executed between Samsung and Vintage Tech as well as the confidential documents that flow from those Agreements. The Kuusakoski Defendants shall deliver to the Court the unredacted copy of their Reply and the Agreements with accompanying confidential documents rather than submit them

electronically.  The Clerk's Office will then transmit these documents to Samsung Electronics America, Inc. only. These unredacted documents shall remain sealed from the public and the other case participants. These documents are not designated as "highly sensitive documents," or "HSDs" as defined in General Order 21-01, issued January 8, 2021.  If the Court has misconstrued the intent of the Kuusakoski Defendants' motion here, they shall advise the Court immediately.

      **IT IS SO ORDERED.**

                                                                      */s/ Elizabeth A. Preston Deavers*
**DATED:  February 26, 2021**               **ELIZABETH A. PRESTON DEAVERS**
                                                                **UNITED STATES MAGISTRATE JUDGE**