IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRISON SOUTHFIELD
PARK, LLC,

    Plaintiff,

    vs.

CLOSED LOOP REFINING AND
RECOVERY, INC., *et al.*,

    Defendants.

Case No. 2:17-cv-783

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on the Motion for Revision of Deadlines in Preliminary Pretrial Order filed by Plaintiff Garrison Southfield Park LLC[1] and Defendants Complete Recycling Solutions, LLC; Haier America Company, L.L.C.; Micro Center, Inc.; RMG Enterprise, LLC, and Sony Electronics, Inc. ("the Moving Parties"). (ECF No. 735.) Defendants Electronic Manufacturers Recycling Management Company ("MRM") and Samsung Electronics America, Inc. ("SEA") have responded in opposition. (ECF Nos. 741, 743.)[2] The Moving Parties have filed a Reply. (ECF No. 748.) For the following reasons, the Motion is **GRANTED**.

---

[1] The motion was filed jointly in this case and in Case No. 2:19-cv-1041 on behalf of both Plaintiffs.

[2] The Moving Parties represent in their motion that LG Electronics, U.S.A., Inc. also indicated its objection to the proposed schedule. It does not appear, however, that this party filed a response. The Moving Parties further represent that the remaining Defendants did not respond to the invitation to join the motion. (ECF No. 735, at 3.)

**I.**

The Moving Parties assert that the addition of new parties necessitates the requested revision to the case management schedule.[3] They propose the following revisions.

| Events | Prior Deadlines in Preliminary Pretrial Order of 1/22/2020 | Revised Deadlines |
| --- | --- | --- |
| Initial Disclosures for New Defendants | February 28, 2020 | May 31, 2021 |
| Completion of Factual Discovery | March 1, 2021 | January 31, 2022 |
| Parties' Designation of Primary Experts and Subject Matter | August 14, 2020 | January 31, 2022 |
| Parties' Designation of Rebuttal Experts and Subject Matter | September 15, 2020 | February 28, 2022 |
| Settlement Conference (Mediation) | March 2021 | February 2022 |
| Primary Expert Reports[1] | October 16, 2020 | March 31, 2022 |
| Rebuttal Expert Reports | December 4, 2020 | April 29, 2022 |
| Completion of Expert Discovery | N/A | June 30, 2022 |
| Dispositive Motions | April 1, 2021 | July 29, 2022 |

MRM objects to the proposed schedule, contending that, given its evident lack of liability, such a schedule is inequitable and unduly burdensome. As an alternative, MRM

---

[3] The Moving Parties explain that they are requesting that all primary and rebuttal expert witnesses be required to submit expert reports pursuant to Fed.R.Civ.P. 26(a)(2)(B). (ECF No. 735, at n. 1.) In its response, MRM states that it does not object to this request. (ECF No. 741, at n.5.) SEA does not address this issue as the bulk of its brief is devoted to arguing in support of its request for a hearing to be scheduled on the pending objections to the Kuusakoski settlement.

proposes the following bifurcated discovery schedule designed to address the issue of liability first.

| Events | Prior Deadlines in Preliminary Pretrial Order of 1/22/2020 | MRM's Proposed Revised Deadlines |
|---|---|---|
| **Phase I: Liability** | | |
| Initial Disclosures for New Defendants | February 28, 2020 | April 16, 2021 |
| Completion of Factual Discovery | March 1, 2021 | April 15, 2022 |
| Plaintiffs' Designation of Primary Experts and Subject Matter | August 14, 2020 | April 29, 2022 |
| Defendants' Designation of Primary Experts and Subject Matter | September 1, 2020 | May 13, 2022 |
| Plaintiffs' Designation of Rebuttal Experts and Subject Matter | September 15, 2020 | May 27, 2022 |
| Defendants' Designation of Rebuttal Experts and Subject Matter | N/A | |
| Primary Expert Reports[5] | October 16, 2020 | June 27, 2022 |
| Rebuttal Expert Reports | December 4, 2020 | July 27, 2022 |
| Completion of Expert Discovery | March 1, 2021 | December 22, 2022 |
| Dispositive Motions | April 1, 2021 | March 22, 2023 |
| Settlement Conference (Mediation) | March 2021 | May 2023 |
| **Phase II: Damages/Allocation** | | |
| Proposed Damages Phase Case Management Calendar Motions | N/A | 2 Weeks After Judgment on Dispositive Motions |

According to MRM, it is entitled to twelve months to conduct discovery consistent with the amount of time afforded to the earlier defendants. MRM asserts that this length of time is necessary because the scope of discovery has not changed, the discovery conducted to date has been extremely limited and is largely irrelevant to the allegations directed toward it, and both the scale and complexity of this CERCLA litigation require it. MRM also contends that its proposed schedule, requiring the completion of expert discovery and the filing of dispositive motions before a settlement conference, will facilitate a meaningful discussion at such a conference. SEA

supports MRM's proposed schedule but requests that the Court order early and regular mediation and schedule oral argument on the pending Motion for Settlement with the Kuusakoski Defendants.

In Reply, the Moving Parties note that they have proposed a schedule spanning approximately 18 months from the date MRM and SEA filed their answers and that MRM's schedule would add an additional ten months to the schedule focused on the issue of liability alone. Further, they assert that their proposed schedule will not prejudice MRM because MRM will not be required to wait until the end of discovery or the dispositive motion deadline to file a dispositive motion on the issue of liability. Additionally, they contend that the prior parties have undertaken substantial discovery, that all the evidence exchanged to date has been provided to MRM and SEA, and that the settlements that have been negotiated and filed reduce the amount of remaining work. The Moving Parties also assert that the case law cited by MRM does not support its view that the circumstances of this action warrant bifurcation. Finally, with respect to the timing of mediation, the Moving Parties explain that their proposal that mediation be ordered to be conducted after the close of fact discovery represents a middle ground between MRM's and SEA's proposals.

## II.

The Undersigned concludes that the Moving Parties have the stronger arguments here. In response, MRM and SEA have not demonstrated that their proposed case schedule will either expedite this case or economize resources. *See Moraine Properties, LLC v. Ethyl Corp.,* No. 3:07-CV-229, 2008 WL 11351579, at *1 (S.D. Ohio Dec. 2, 2008) (denying request for "unique discovery schedule that would see an early termination of discovery on the issue of whether Defendant is a potentially responsible party" on same basis). In fact, it appears that quite the

contrary is likely given that their proposed approach minimally would add several months to the case schedule. Not only that, the proposed bifurcation also lends itself to disputes over whether certain evidence is relevant to a particular issue. Further, as recognized by the Court in *Moraine* when denying a similar motion, courts within the Sixth Circuit appear to have utilized devices such as a bifurcation of trial rather than a bifurcation of discovery. *Id*. Additionally, as the Moving Parties note, while mediation under the schedule adopted here will not take place until the conclusion of fact discovery, nothing prevents any agreement to mediate at an earlier date as circumstances evolve. Accordingly, the Moving Parties' proposed schedule will be adopted in its entirety with an amendment to reflect a new due date for initial disclosures.

Finally, to the extent that SEA directs its response to the issue of a hearing on the settlement with the Kuusakoski Defendants, the Undersigned defers to the District Judge on this matter and will not consider the issue of scheduling oral argument here.

**III.**

For the reasons stated above, the Motion for Revision of Deadlines in Preliminary Pretrial Order filed by Plaintiff Garrison Southfield Park LLC and Defendants Complete Recycling Solutions, LLC; Haier America Company, L.L.C.; Micro Center, Inc.; RMG Enterprise, LLC, and Sony Electronics, Inc. ("the Moving Parties") (ECF No. 735) is **GRANTED.** The Preliminary Pretrial Order dated January 22, 2020 (ECF No. 502) is **MODIFIED** as follows:

INITIAL DISCLOSURES

Initial disclosures shall be made by **JUNE 30, 2021**.

DISCOVERY PROCEDURES

All fact discovery shall be completed by **JANUARY 31, 2022**. All expert discovery shall be completed by **JUNE 30, 2022**. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is

impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.

DISPOSITIVE MOTIONS

Any dispositive motions shall be filed by **JULY 29, 2022.**

EXPERT TESTIMONY

Parties to designate primary experts and subject matter by **JANUARY 31, 2022**. Parties to designate rebuttal experts and subject matter by **FEBRUARY 28, 2022**. Primary expert reports must be produced by **MARCH 31, 2022**. Rebuttal expert reports must be produced by **APRIL 29, 2022**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **FEBRUARY 2022**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

    **IT IS SO ORDERED.**


                                                 /s/ *Elizabeth A. Preston Deavers*
**DATED:  June 3, 2021**           **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**