# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**GARRISON SOUTHFIELD**
**PARK LLC,**

        **Plaintiff,**                **Case No. 2:17-cv-783**
                                 **JUDGE EDMUND A. SARGUS, JR.**
        **v.**                         **Magistrate Judge Elizabeth P. Deavers**

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.*,

        **Defendants.**

## <u>ORDER</u>

This mater is before the Court on Defendant Haier America Company, LLC's ("HAC")

Motion to Set Aside Entry of Default.  (ECF No. 739.)  Plaintiff does not oppose HAC's motion.

(*Id.*)  On January 15, 2021, the Clerk entered default against HAC.  (ECF No. 690.)  HAC appeared

on March 18, 2021 and moved to set aside the entry of default.  (ECF No. 739.)

Fed. R. Civ. P. 55(c) states that the Court "may set aside an entry of default for good cause."

Th standard for setting aside an entry of default is "extremely forgiving[.]"  *P.C.A.-Corrs., LLC*

*v. Akron Healthcare LLC*, No. 1:20-cv-428, 2020 U.S. Dist. LEXIS 162323, at *5 (S.D. Ohio Sep.

4, 2020) (citing *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010)).

"When deciding if there is good cause to set aside an entry of default, courts must consider three

factors: (1) whether the default was willful; (2) whether setting the entry aside would prejudice the

plaintiff; and (3) whether the alleged defense is meritorious."  *Id.*

HAC's has shown good cause for setting aside the entry of default.  HAC persuasively

explains that its default was not willful.  HAC received service on November 3, 2020 and began

investigating the allegations and began the process of retaining outside litigation counsel.  (ECF

No. 739 at 2–3.)  But HAC encountered numerous conflict issues due to the nature of this litigation. (*Id.*)  Furthermore, HAC's business operations ceased in 2018, and an affiliate company's legal department is managing this litigation, causing further delay and confusion.  (*Id.* at 1.)  Plaintiff will not be prejudiced by setting aside the entry of default.  HAC consulted with Plaintiff before filing the instant motion, and Plaintiff indicated that it does not oppose the motion.  (*Id.*)  Lastly, HAC disputes the allegations in the Second Amended Complaint and believes that it has valid defenses.  (*Id.* at 8.)  Thus, in light of the policy favoring "resolving cases on the merits instead of on the basis of procedural missteps",  *P.C.A.-Corrs., LLC*, 2020 U.S. Dist. LEXIS 162323, at *5, the Court will set aside the entry of default.

Accordingly, the Court **GRANTS** Defendant Haier America Company, LLC's Motion to Set Aside Default.  (ECF No. 739.)  The Clerk's entry of default (ECF No. 690) is **VACATED**.  Furthermore, the Court GRANTS Defendant Haier America Company, LLC leave to file its responsive pleading to the Second Amended Complaint within **FOURTEEN DAYS** of this order.

**IT IS SO ORDERED.**

**9/27/2021**                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**