UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRISON SOUTHFIELD**
**PARK LLC,**

  **Plaintiff,**          Case No. 2:17-cv-783
                 JUDGE EDMUND A. SARGUS, JR.
 v.              Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.***,**

  **Defendants.**


**OLYMBEC USA LLC,**

  **Plaintiff,**           Case No. 2:19-cv-1041
                 JUDGE EDMUND A. SARGUS, JR.
 v.              Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.***,**

  **Defendants.**

## OPINION AND ORDER

This matter is before the Court on several motions:

- Plaintiffs' Motion to Approve Consent Judgment with Defendant Green Wave Computer Recycling, LLC (ECF No. 756)[1];

- Plaintiffs' Motion for Settlement Approval with Defendants Dynamic Lifecycle Innovations, Inc. and ASUS Computer International (ECF No. 766);

- Defendant Electronic Manufacturers Recycling Management Company, LLC's Motion for Reconsideration of the Court's Order granting an extension of time (ECF No. 782).

---

[1] For convenience, the Court will cite to the Garrison docket (2:17-cv-783) unless otherwise noted.

1

### I. Background

These cases arise under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). (Second Am. Compl., ECF No. 539.) Plaintiffs allege that Defendant Closed Loop and others collaborated in a sham scheme to recycle cathode ray tubes, resulting in over 128 million pounds of hazardous e-waste at Plaintiff Garrison's properties and over 30 million pounds of hazardous e-waste at Plaintiff Olymbec's property. (*Id.* ¶ 2; Olymbec Second Am. Compl. ¶ 2, ECF No. 425.) Plaintiffs estimate that it will cost nearly $22 million to clean up the e-waste at the Garrison and Olymbec properties. (Heisler Decl. ¶ 9, ECF No. 614-3.) This action is a cost recovery action under Section 107 of CERCLA, 42 U.S.C. § 9607(a). (Second Am. Compl. ¶ 472.)

Throughout this case, the Court has approved 29 settlement agreements and a consent decree to facilitate cleanup of the e-waste. (ECF Nos. 312, 400, 536, 683, 787.) The earlier-named Defendants in this case generally were in the "Arranger/Transporter" class, or those Defendants that arranged for the transportation or did transport e-waste to the Closed Loop facilities. Defendants Green Wave Computer Recycling, LLC ("Green Wave"), Dynamic Lifecycle Innovations Inc. ("Dynamic"), ASUS Computer International ("ACI") are in the Arranger/Transporter class. The Second Amended Complaint added a class of Original Equipment Manufacturers ("OEM"). (Second Am. Compl. at 109.) Defendant Electronic Manufacturers Recycling Management Company, LLC ("MRM") is an OEM Defendant.

### II. Settlement Standard

This Court has explained that "[t]he general policy of the law is to support voluntary settlements." *United States v. Cantrell*, 92 F. Supp. 2d 718, 723 (S.D. Ohio 2000). To answer the question of whether a proposed CERCLA settlement should be approved, the Court must

2

determine whether it is "fair, reasonable and adequate[,] in other words, consistent with the purposes that CERCLA is intended to serve." *Responsible Envtl. Sol. All. v. Waste Mgmt, Inc.*, No. 3:04-cv-013, 2011 WL 382617, at *2 (S.D. Ohio Feb. 3, 2011) (quoting *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1989)); *see United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 85 (1st Cir. 1990) (explaining that approval of a settlement agreement is based on a trial court's determination that "the settlement is reasonable, fair and consistent with the purposes that CERCLA is intended to serve").

A CERCLA settlement must be "procedurally and substantively fair." *Responsible Envtl.*, 2011 WL 382617, at *2 (citing *Cannons Eng'g Corp.*, 899 F.2d at 86). "Procedural fairness is one aspect of a settlement that is reasonable, fair, and consistent with CERCLA." *United States v. 3M Co.*, No. 3:14-cv-32, 2014 U.S. Dist. LEXIS 63934, at *8 (S.D. Ohio May 5, 2014). There is a strong presumption of procedural fairness when CERCLA settlements are entered into voluntarily. *Id.* at *12 (citing *Akzo Coatings*, 949 F.2d at 1436). Yet, courts should still look "to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Id.* at *8 (quoting *Cannons Eng'g Corp.*, 899 F.2d at 86). Additionally, "[p]rocedural fairness requires that settlement negotiations take place at arm's length," which includes consideration of whether the parties had quality representation throughout their negotiations. *See Garrison Southfield Park LLC*, 2019 WL 3997683, at *2 (quoting *3M Co.*, 2014 WL 182914, at *3). Finally, the "Court must determine that the negotiators bargained in good faith." *Id.*

"Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Cannons Eng'g Corp.*, 899 F.2d at 87. In other words, "settlement terms must be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability

3

among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party ("PRP")] has done." *Id.*

In deciding whether to approve a settlement agreement, the ultimate goal of the district court is to ensure the settlements are "fair, reasonable and consistent with the purposes of CERCLA" which, as the Supreme Court has explained, is the "prompt cleanup of hazardous waste sites and impose . . . all cleanup costs on the responsible party." *Garrison Southfield Park LLC*, 2019 WL 3997683, at *2 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 815 n.6 (1994)). Yet, "[t]here is no universally correct approach" for determining comparative fault and, by extension, substantive fairness. *United States v. Atlas Lederer*, 494 F. Supp. 2d 629, 636 (S.D. Ohio July 13, 2005) (quoting *Cannons Eng'g*, 899 F.2d at 87).

### III. Green Wave Settlement

Plaintiffs and Defendant Green Wave filed a joint motion to approve their settlement agreement. (ECF No. 756.) Defendant MRM filed a response in opposition to the settlement. (ECF No. 760.) Defendants LG Electronics, USA, Inc. ("LG Electronics") and Samsung Electronics America, Inc. ("Samsung") joined MRM's response (ECF Nos. 761, 762.) Plaintiffs filed a reply to the responses. (ECF No. 763.) The Court will refer to MRM, LG Electronics, and Samsung as "Objecting Defendants."

#### A. Settlement Agreement

Under the proposed settlement agreement, Green Wave agrees to pay Plaintiffs $106,204 for the cost of the environmental cleanup costs at the Closed Loop facilities. (Settlement Agreement, Ex. A, ECF No. 756-2.) Plaintiffs and Green Wave represent that $106,204 is Green Wave's full share of costs as calculated by the cost recovery formula used in prior settlements approved in this case. (Heisler Decl. ¶ 11, ECF No. 756-3; Womack Decl. ¶ 11, ECF No. 756-4.)

The cost recovery formula "allocates a percentage of the remediation costs to each PRP based on records that identify the total weight of E-Waste that the PRP shipped to the Facility, as compared to the total weight of the E-Waste shipped by all PRPs." *Garrison Southfield Park LLC*, 2020 WL 4435130, at *8.

The proposed agreement is contingent upon the Court crediting the settlement payments *pro tanto*, rather than *pro rata*. (Settlement Agreement ¶ 6, ECF No. 756-2.) The agreement is also contingent upon a contribution bar—an order from this Court that would "discharge and bar all past, and future counterclaims, cross-claims, and other claims relating to the Facility, as contemplated by this Agreement, including claims for contribution under 42 U.S.C. § 9613(f)(1), which have been made or could be made against [Settlor] by any person or entity, except for Non-Released Claims." (*Id.*)

The agreement specifies two exceptions to the contribution bar: (1) Non-Released Claims and (2) a reopener clause which would allow Plaintiffs to seek further relief from Green Wave if it was "affiliated with another non-settling, potentially responsible party in connection with this matter" or if "the weight of the materials attributable to [Green Wave] is at least 50,000 lbs in excess of the weight of the materials identified in Appendix A to this Agreement." (*Id.* ¶¶ 4, 9.)

### B. Analysis

The Court must determine whether the settlement agreement is procedurally and substantively fair. *Responsible Envtl.*, 2011 WL 382617, at *2 (citing *Cannons Eng'g Corp.*, 899 F.2d at 86). Evaluating the settlement and considering the objections raised in the parties' thorough briefing, the settlement agreement satisfies procedural fairness; however, it does not satisfy substantive fairness because Plaintiffs' and Green Wave's proposed contribution bar is overbroad.

5

Starting with procedural fairness, the parties were represented by independent counsel and engaged in good faith negotiations. (Heisler Decl. ¶ 13; Womack Decl. ¶ 13.) The negotiations included, but were not limited to, evaluations of Green Wave's potential liability, the evidence tying Green Wave to Plaintiffs' Facility, the defenses asserted by Green Wave, the potential legal fees if settlement does not occur, and past and projected response costs. (Heisler Decl., ¶ 13; Womack Decl., ¶ 13; Defendant's Decl., ¶ 5, ECF No 756-5.) Plaintiffs represent that these are the same considerations they have used and will continue to use to negotiate settlements with other PRPs. The Court finds the agreement satisfies procedural fairness.

Objecting Defendants raise several challenges to the substantive fairness of the proposed settlement. First, Objecting Defendants challenge the Motion's request that the Court apply a *pro tanto* rather than a *pro rata* approach. This Court previously determined that all settlements in this case will follow the *pro tanto* approach. *Garrison Southfield Park LLC v. Closed Loop Refining and Recovery Inc. et al.*, No. 2:17-cv-783, 2021 WL 4397865, at *3 (S.D. Ohio Sept. 27, 2021). Accordingly, Green Wave's settlement will be credited following the *pro tanto* approach.

Second, Objecting Defendants request that, if the Court applies the pro tanto approach, the Court "refer the parties to early mediation in an effort to avoid potentially expensive and fruitless discovery." (ECF No. 760 at 3.) This request is moot because the Court granted Plaintiffs' unopposed motion to amend the pretrial schedule, which included a new April 1, 2022 mediation deadline. (Scheduling Order, ECF No. 812.)

Third, Objecting Defendants challenge the settlement's contribution bar as overbroad. (ECF No. 760 at 2.) In a previous opinion, this Court determined that the same proposed contribution bar was unfair because it barred future contractual claims between the settlor and OEM Defendants. *Garrison Southfield Park LLC*, 2021 WL 4397865, at *14. The Court found "it

would be patently unfair to relieve [a settlor] of its contractual duties through a private settlement with a non-party to those contracts." *See, e.g.*, *United States v. Hardy*, No. C90-0695-L(J), 1992 WL 439759, at *2 (W.D. Ky. Sept. 9, 1992) (stating in dicta that "nothing in the statute operates to prevent enforcement of contractual indemnification rights against settling parties. If a party has a contractual agreement for indemnification, it will not be deprived of protection 'bought and paid for'."); *City of San Diego v. Nat'l Steel & Shipbuilding Co.*, No. 09CV2275 WQH JLB, 2014 WL 3489282, at *20 (S.D. Cal. July 10, 2014) (applying the Uniform Comparative Fault Act and determining that claims for express breach of contract were excluded from the contribution bar in that CERLCA settlement). Consistent with this Court's prior ruling, the contribution bar between Plaintiff and Green Wave is substantively unfair because it bars contractual claims between Green Wave and others not party to this settlement agreement.

Accordingly, the Court **DIRECTS** Plaintiffs to inform the Court, within **TEN DAYS** of this opinion, whether: (1) Plaintiffs and Green Wave will accept the Court's approval of the settlement agreement on the understanding that the contribution bar does not extend to claims for express breach of contract and contractual indemnification; or (2) Plaintiffs and Green Wave intend to withdraw from the settlement. The Court will hold the motion for settlement approval in **ABEYANCE** until Plaintiffs file their notice.

### IV.     Dynamic and ACI Settlement

Defendant Dynamic arranged transport of e-waste to the Closed Loop facility, including arrangements for transport made on behalf of Defendant ACI. (Heisler Decl., ¶ 6, ECF No. 766-3; Womack Decl., ¶ 6, ECF No 766-4.) Before the Court is Plaintiffs and Defendants Dynamic and ACI's joint motion for settlement approval. (ECF No. 766.) Four Defendants filed responses in opposition: LG Electronics (ECF No. 767), MRM (ECF No. 769), Samsung (ECF No. 770), and

Defendant Rochester Computer Recycling & Recovery, LLC (ECF No. 771). Plaintiffs filed a reply to the responses. (ECF No. 774.)

### A. Settlement Agreement

Under the proposed settlement agreement, Dynamic agrees to pay Plaintiffs $850,000. (Settlement Agreement, Ex. A, ECF No. 766-2.) Using the cost recovery formula that is standard in this case, Plaintiffs calculated the costs for remediating the E-Waste sent to the Facility by Dynamic to be $880,123. (Heisler Decl. ¶ 11; Womack Decl. ¶ 11.) Plaintiff, Dynamic, and ACI have agreed to settle the claims for 97% of Dynamic's calculated share—$850,000. (Heisler Decl. ¶ 11; Womack Decl. ¶ 11.) Again, the cost recovery formula "allocates a percentage of the remediation costs to each PRP based on records that identify the total weight of E-Waste that the PRP shipped to the Facility, as compared to the total weight of the E-Waste shipped by all PRPs." *Garrison Southfield Park LLC*, 2020 WL 4435130, at *8.

The proposed agreement is contingent upon the Court crediting the settlement payments *pro tanto*, rather than *pro rata*. (Settlement Agreement ¶ 6, ECF No. 766-2.) The agreement is also contingent upon a contribution bar—an order from this Court that the Court: "discharge and bar all past, and future counterclaims, cross-claims, and other claims relating to the Facility…including claims for contribution under 42 U.S.C. § 9613(f)(1), which have been made or could be made against [Settlor] by any person or entity, except for Non-Released Claims." (*Id.*)

The agreement specifies two exceptions to the contribution bar: (1) Non-Released Claims and (2) a reopener clause that would allow Plaintiffs to seek further relief "if new information reveals that Dynamic contributed at least 50,000 pounds more than the weight of E-Waste currently attributed to Dynamic, that Dynamic was affiliated with another non-settling, potentially

8

responsible party, or that ACI arranged for the transport of E-Waste to the Facility by contract with anyone other than Dynamic." (Settlement Agreement ¶¶ 4, 9, ECF No. 766-2.)

### B. Analysis

The Court must analyze whether the settlement agreement is procedurally and substantively fair. *Responsible Envtl.*, 2011 WL 382617, at *2 (citing *Cannons Eng'g Corp.*, 899 F.2d at 86). The Court finds the settlement agreement is procedurally fair but not substantively fair because the proposed contribution bar is overbroad.

In support of their contention that the agreement is procedurally fair, the parties aver that they were represented by independent counsel and engaged in good faith negotiations. (Heisler Decl. ¶ 13; Womack Decl. ¶ 13.) The negotiations included, but were not limited to, evaluations of the Dynamic and ACI's potential liability, the evidence tying them to Plaintiffs' Facility, the defenses asserted by Dynamic and ACI, the potential legal fees and costs if settlement does not occur, and past and projected response costs. (Heisler Decl., ¶ 13; Womack Decl., ¶ 13.) The settlement agreement satisfies procedural fairness.

Objecting Defendants raise several challenges to the substantive fairness of the proposed settlement: (a) the settlors' request to credit the settlement pro tanto; (b) the settlors' request to approve the agreement's contribution bar.

First, Objecting Defendants request that the settling parties agree to a *pro rata* approach rather than the proposed *pro tanto* approach. (ECF No. 769 at 2.) They aver that a pro tanto approach is substantively unfair because ACI has not filed its initial disclosures and has not provided any discovery to date, and the Objecting Defendants have been unable to issue targeted discovery requests based on such disclosures. (*Id.*; ECF No. 771 at 1–2.)

9

Plaintiffs, in response, state that all of the evidence exchanged between Plaintiffs and all Defendants in discovery was provided to the Objecting Defendants in February 2021. The information included Plaintiffs' and Defendants' initial disclosures, interrogatory answers, and responses to requests for production of documents, including all records produced by Dynamic in connection with shipments to Closed Loop Refining and Recovery, Inc allegedly made on behalf of ACI. (ECF No. 774 at 4.) Plaintiffs aver that, unlike the Sony settlement, the OEM Defendants have now had ample opportunity for discovery. The Court agrees.

This Court previously denied Plaintiffs' and Defendant Sony's settlement agreement as premature because no discovery had been conducted and the OEM Defendants, recently joined to the case, had not had an opportunity to evaluate the basis for the settlement. *Garrison Southfield Park LLC*, 2021 WL 4397865, at *7–8. Furthermore, the Sony settlement was based on Sony's market share for electronics for the type of equipment found at the site, rather than the standard cost recovery formula. (ECF No. 616.)

Unlike the proposed Sony settlement, the OEM Defendants here have conducted some discovery and have had ample opportunity to evaluate the basis for the settlement. As the court in *Hobart* recognized, "*some* discovery is obviously needed before the fairness of any proposed settlement can be assessed[.]" *Hobart*, 2016 U.S. Dist. LEXIS 202349, at *71 (emphasis in original). This proposition does not mean that "no pro tanto settlement can be approved until all discovery is complete, and each party's proportionate liability conclusively established[.]" *Id.* That rule "would defeat any possibility for early settlement, thereby thwarting CERCLA's goals." *Id.* Moreover, the proportion of ACI's liability stems from the cost recovery formula rather than a less reliable market share calculation, as was used for Sony. The amount of Plaintiffs' settlement with Defendants Dynamic and ACI is substantively fair. The settlement will be credited following

the follow the *pro tanto* approach established by this Court for all settlements in this case. *Garrison Southfield Park LLC*, 2021 WL 4397865, at *4.

The Court, however, agrees with Objecting Defendants that the proposed contribution bar compelling. As discussed in Part II.B. of this opinion, the proposed contribution bar—identical in the Green Wave and Dynamic/ACI settlement agreements—is unfair because it restricts contractual rights of PRPs not party to the settlement agreement and exceeds the bounds intended by CERCLA. *See Garrison Southfield Park LLC*, 2021 WL 4397865, at *14. For the same reasons, Plaintiffs' settlement agreement with Dynamic and ACI may not bar express breaches of contract and contractual indemnification.

Accordingly, the Court **DIRECTS** Plaintiffs to inform the Court, within **TEN DAYS** of this opinion, whether: (1) Plaintiffs and Dynamic and ACI will accept the Court's approval of the settlement agreement on the understanding that the contribution bar does not extend to claims for express breach of contract and contractual indemnification; or (2) Plaintiffs and Dynamic and ACI intend to withdraw from the settlement. The Court will hold the motion for settlement approval in **ABEYANCE** until Plaintiffs file their notice.

### VI. Motion for Reconsideration

Defendant Electronic Manufacturers filed a Motion for Reconsideration of the Court's Order granting extension of time for Defendant Sony Electronics, Inc. to respond to discovery requests. (ECF No. 782). The Court's order stayed Defendant Sony's deadline to respond to discovery requests until the Court ruled on the motion to approve its settlement agreement. (ECF No. 781.) Because the Court ruled on Sony's settlement agreement on September 27, 2021, (ECF No. 787 at 16), and the stay is no longer in effect, the motion to reconsider is **DENIED** as **MOOT**.

## VII. Conclusion

For the foregoing reasons, the Court:

(1) Holds in **ABEYANCE** Plaintiffs' Motion for Settlement with Green Wave. (Garrison **ECF No. 756**; Olymbec **ECF No. 616**.)  Plaintiffs are **DIRECTED** to file a notice within **TEN DAYS** informing the Court whether the parties intend to either (1) accept the Court's approval of the settlement agreement on the understanding that the contribution bar does not extend to claims for express breach of contract and contractual indemnification; or (2) withdraw from the settlement agreement.

(2) Holds in **ABEYANCE** Plaintiffs' Motion for Settlement with Dynamic and ACI. (Garrison **ECF No. 766;** Olymbec **ECF No. 627**.)  Plaintiffs are **DIRECTED** to file a notice within **TEN DAYS** informing the Court whether the parties intend to either (1) accept the Court's approval of the settlement agreement on the understanding that the contribution bar does not extend to claims for express breach of contract and contractual indemnification; or (2) withdraw from the settlement agreement.

(3) **DENIES as moot** Defendant Electronic Manufacturers filed a Motion for Reconsideration of the Court's Order granting extension of time for Defendant Sony Electronics, Inc. to respond to discovery requests. (Garrison **ECF No. 782**, Olymbec **ECF No. 642**.)

This case remains open.

    **IT IS SO ORDERED.**

**2/16/2022**                                          <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**