UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRISON SOUTHFIELD**
**PARK LLC,**

      **Plaintiff,**                      Case No. 2:17-cv-783
                                     JUDGE EDMUND A. SARGUS, JR.
     v.                              Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.***,**

      **Defendants.**

**OLYMBEC USA LLC,**

      **Plaintiff,**                      Case No. 2:19-cv-1041
                                     JUDGE EDMUND A. SARGUS, JR.
     v.                              Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.***,**

      **Defendants.**

## ORDER APPROVING GREEN WAVE, DYNAMIC, AND ACI SETTLEMENT AGREEMENTS

This matter is before the Court on Plaintiff Garrison Southfield Park LLC and Plaintiff Olymbec USA LLC's (together, the "Plaintiffs") motions to approve settlements with Defendants Green Wave Computer Recycling, LLC ("Green Wave") (Garrison ECF No. 756; Olymbec ECF No. 616), Dynamic Lifecycle Innovations, Inc. ("Dynamic"), and ASUS Computer International ("ACI") (together, the "Defendants") (Garrison ECF No. 766; Olymbec ECF No. 627).

This Court previously held in abeyance the motions for settlement approval and directed Plaintiffs to file notices informing the Court whether the parties intended to either (1) accept the Court's approval of the settlement agreements on the understanding that the contribution bar does

1

not extend to claims for express breach of contract and contractual indemnification; or (2) withdraw from the settlement agreements. (Op. & Order, ECF No. 808.) Plaintiffs notified the Court that they accept the conditions for Court settlement approval. (Garrison ECF Nos. 818, 819; Olymbec ECF Nos. 677, 678.) The Motions for Approval of Settlement (Garrison **ECF Nos. 756, 766**; Olymbec **ECF Nos. 616, 627**) are **GRANTED** and the following are hereby ordered:

1. The Settlement Agreements between Plaintiffs and Defendants ("Settlement Agreements"), attached to the Motions as Exhibit A, are approved, and the terms and conditions of the Settlement Agreements are hereby incorporated by reference into this Order as if fully restated herein.

2. Except for the exceptions stated in the Settlement Agreements and for claims for express breach of contract and contractual indemnification, all claims asserted, to be asserted, or which could be asserted against Defendants by persons who are defendants or third-party defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring, or engineering control of electronic waste at, to or migrating from Garrison's properties located at 1655 and 1675 Watkins Road in Columbus, Ohio and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently

enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

3.  The payment by Defendants to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by the dollar amount of Defendants' settlement payments, and the Court need not determine Defendants' proportionate share of liability.

4.  Because there are no crossclaims for express breach of contract and contractual indemnification asserted against Defendants, they are dismissed from this lawsuit.

5.  For the reasons previously outlined by this Court in the Kuusakoski settlement approval (*See* Op. & Order, ECF No. 808), this Order shall have the full force and effect of a final judgment under Fed. R. Civ. P. 54 and 58. This Court nevertheless retains jurisdiction after entry of final judgment to enforce the terms and conditions of the Settlement Agreements.

**IT IS SO ORDERED.**

**2/28/2022**                   <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                               **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**