UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRISON SOUTHFIELD
PARK LLC,

        Plaintiff,                         Case No. 2:17-cv-783
                                                JUDGE EDMUND A. SARGUS, JR.
    v.                                 Magistrate Judge Elizabeth P. Deavers

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

        **Defendants.**

OLYMBEC USA LLC,

        Plaintiff,                         Case No. 2:19-cv-1041
                                               JUDGE EDMUND A. SARGUS, JR.
    v.                                 Magistrate Judge Elizabeth P. Deavers

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

        **Defendants.**

## ORDER APPROVING SETTLEMENT AGREEMENT WITH DEFENDANTS ELECTRONIC MANUFACTURERS RECYCLING MANAGEMENT COMPANY, LLC, SAMSUNG ELECTRONICS AMERICA, INC., KUUSAKOSKI INC., KUUSAKOSKI US LLC, KUUSAKOSKI GLASS RECYCLING LLC, AND VINTAGE TECH, LLC

This matter is before the Court on Plaintiff Garrison Southfield Park LLC and Plaintiff Olymbec USA LLC's (together, the "Plaintiffs") Motion for Approval of Settlement Agreements with Defendant LG Electronics U.S.A., Inc. ("LG"), and Defendant Electronic Manufacturers Recycling Management Company, LLC ("MRM"), Defendant Samsung Electronics America, Inc. ("Samsung"), Defendant Kuusakoski Inc., Defendant Kuusakoski US LLC, Defendant Kuusakoski Glass Recycling LLC, and Defendant Vintage Tech, LLC (together, the " Kuusakoski

Defendants") (**Garrison ECF No. 858; Olymbec ECF No. 715**).[1] The motion is unopposed. For good cause shown, the motion is **GRANTED** and the following are hereby ordered:

1. The Settlement Agreements between Plaintiffs and Defendants ("Settlement Agreements"), attached to the Motions as Exhibits A-1, A-2, and A-3, is approved, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

2. Except for the exceptions stated in the Settlement Agreement and for claims for express breach of contract and contractual indemnification, all claims asserted, to be asserted, or which could be asserted against Defendants by persons who are defendants or third-party defendants in this case (whether by crossclaim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring, or engineering control of electronic waste at, to or migrating from Garrison's property located at 1675 Watkins Road in Columbus, Ohio, Garrison's former property located at 1655 Watkins Road in Columbus, Ohio, and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

---

[1] The Kuusakoski Defendants, Defendant LG, Defendant MRM, and Defendant Samsung will each be referred to herein as a "Defendant" and collectively referred to herein as the "Defendants."

3. The payments made by the Kuusakoski Defendants on behalf of Defendants LG, MRM, and Samsung to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by the dollar amount of Defendants' settlement payments, and the Court need not determine Defendants' proportionate share of liability.

4. It appearing that no crossclaims for express breach of contract and contractual indemnification have been asserted and remain pending against the Defendants, except for those asserted by the Kuusakoski Defendants against Defendants LG and Samsung and by Defendant LG against the Kuusakoski Defendants, Defendant MRM is dismissed from this case. It also appearing that the crossclaims for express breach of contract and contractual indemnification between the Kuusakoski Defendants and Defendants LG and Samsung will be voluntarily dismissed in keeping with Paragraphs 14(l) of those settlement agreements executed between and among Plaintiffs, the Kuusakoski Defendants, and Defendants LG and Samsung (Exhibits A-1 and A-3 to the Motion), the Kuusakoski Defendants, Defendant LG, and Defendant Samsung are also dismissed from this case, provided that the crossclaims for express breach of contract and contractual indemnification between them are indeed voluntarily dismissed.

5. This Order shall have the full force and effect of a final judgment under Fed. R. Civ. P. 54 and 58. This Court nevertheless retains jurisdiction after entry of final judgment to enforce the terms and conditions of the Settlement Agreements.

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **12/5/2022** | s/Edmund A. Sargus, Jr. |
| **DATE** | EDMUND A. SARGUS, JR. |
| | UNITED STATES DISTRICT JUDGE |